IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-524-FL

| | | |
|---|---|---|
| CRANBERRY FINANCIAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CENTER OF LOVE MISSION CHURCH, | ) | |
| and PASTOR RACHEL BARRETT, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on plaintiff's motion to remand (DE # 8). The court previously granted plaintiff's motion for expedited briefing, and defendants have failed to respond in the time allotted. In this posture, the issues raised are ripe for adjudication. For the reasons that follow, plaintiff's motion to remand is granted.

## BACKGROUND

On February 24, 2009, plaintiff filed a verified complaint for judicial foreclosure on certain property in Goldsboro against the Center of Love Mission Church ("the Church") in Wayne County Superior Court. On April 13, 2010, the Superior Court entered an order authorizing foreclosure. The foreclosure sale was conducted on May 12, 2010. A motion to confirm the sale was filed on May 28, 2010, after the expiration of the ten-day statutory upset bid period, and the final report of sale was filed June 3, 2010. The commissioner's deed was recorded on June 4, 2010, in the Wayne County Register of Deeds.

On July 8, 2010, after the Church failed to vacate the property, plaintiff filed a notice of foreclosure sale directing the Church to remove itself from the property within ten days. The Church refused to do so, and plaintiff moved to reopen its case in Wayne County Superior Court on October 18, 2010. The Superior Court granted that motion by order entered October 25, 2010. On November 16, 2010, the Clerk of Superior Court issued a writ of possession for the property. That same day, the Wayne County Sheriff's Office served a notice of eviction on the Church. The Sheriff's notice set November 23, 2010, at 11:00 a.m., as the date and time of eviction.

On November 22, 2010, defendant Rachel Barrett ("Barrett"), the pastor of the Church, filed a notice of removal on behalf of herself and the Church. On December 3, 2010, plaintiff moved to remand the matter to state court. Plaintiff sought expedited briefing on its motion, and the court allowed that request. Defendants were given until December 10, 2010, within which to respond to plaintiff's motion. No response has been filed.

## DISCUSSION

A. Standard of Review

A civil action which is brought in state court, but over which the federal courts have original jurisdiction, may be removed by a defendant to the district court embracing the place where the action is pending. 28 U.S.C. § 1441(a). To properly remove a case, the defendant must file a notice of removal in the district court within thirty (30) days of receipt of a copy of the initial pleading setting forth the claim for relief in the action. Id. § 1446(b). The defendant must also file a copy of the notice of removal in state court. Id. § 1446(d). Plaintiff may move to remand the case on the basis of a defect other than lack of subject jurisdiction within thirty (30) days of the filing of the notice of removal. Id. § 1447(c). A motion to remand for lack of subject matter jurisdiction may

2

be brought at any time, and remand also may be ordered *sua sponte* by the district court if subject matter jurisdiction is lacking. Id.; see also Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).

B. Analysis

Defendants' notice of removal was not timely filed. Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within thirty (30) days of "receipt . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Plaintiff's state court lawsuit was filed February 24, 2009, and the record indicates that Barrett and the Church received a copy of the pleadings on or about February 26, 2009. However, this matter was not removed to this court until November 22, 2010 – almost twenty-one (21) months later. The foreclosure action has already proceeded to judgment in state court, and defendants cannot now remove this matter to federal court in an effort to thwart the enforcement of that judgment.

Moreover, regardless of the tardiness of the notice, this court would have to remand for lack of subject matter jurisdiction. The Fourth Circuit has cautioned that "[b]ecause removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted). Where this court's removal jurisdiction is predicated on an ability to exercise original jurisdiction over plaintiff's claim, the court "must analyze whether [it] could have been brought originally in federal district court." King v. Marriott Int'l Inc., 337 F.3d 421, 424 (4th Cir. 2003).

Plaintiff's foreclosure action and the later eviction proceedings could not have been brought in this court. There is no "federal question . . . presented on the face of the plaintiff's properly-

3

pleaded complaint." See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Although defendants' removal notice appears to assert counterclaims or defenses to the eviction notice which arise under federal law, "actions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question." In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 584 (4th Cir. 2006).

Moreover, diversity jurisdiction does not justify removal in this case. Even assuming that the parties are diverse, that the value of the property exceeds $75,000.00, and that the Rooker-Feldman doctrine would not independently require this court to decline to exercise jurisdiction, an action is not removable if one or more defendants is a citizen of the state in which the action was brought. See 28 U.S.C. § 1441(b). Because defendants are citizens of North Carolina and the original action was brought in that state, they may not remove this action by asserting diversity of citizenship jurisdiction.

Because the notice of removal was untimely and the court does not have subject matter jurisdiction over plaintiff's claims, defendants acted improperly in removing this case. Accordingly, plaintiff's motion to remand is GRANTED.

C.  Attorney's Fees

The removal statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of fees is appropriate under § 1447 where the removing party "lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The court also has "discretion to consider whether unusual circumstances warrant a departure from the [reasonable basis] rule in a given case." Id.

4

Here Barrett had no objectively reasonable basis for removing this claim. The state court litigation had been pending for almost two years and had proceeded to judgment, and as such removal was clearly untimely. Moreover, the court notes that the state court litigation involved plaintiff and the Church, and that Barrett has thrust herself into this case (and purported to act for the Church, who is represented by counsel in state court) by filing the notice of removal. Additionally, even assuming an objectively reasonable basis for removal exists, unusual circumstances would warrant an award of attorney's fees where Barrett removed this matter to frustrate the enforcement of the state court's judgment. Cf. In re Foreclosure of a Deed of Trust, No. 2008 WL 5234301 at *3 (E.D.N.C. Dec. 15, 2008) (holding that removing for the "purposes of delaying [a] foreclosure sale and prolonging . . . foreclosure proceedings" justifies departure from the general rule set forth in Martin). As such, plaintiff is entitled to "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

## CONCLUSION

For the foregoing reasons, plaintiff's remand (DE # 8) is GRANTED. This matter is hereby REMANDED to the General Court of Justice, Superior Court Division, Wayne County, North Carolina. Plaintiff shall file a separate motion and memorandum, accompanied by one or more detailed affidavits, supporting its request for attorney's fees. This filing should include argument and evidence as to the reasonableness of the fee based on the factors set forth in Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 & n. 28 (4th Cir.1978).

SO ORDERED, this the 15th day of December, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

5