IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-524-FL

| | | |
|---|---|---|
| CRANBERRY FINANCIAL, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| CENTER OF LOVE MISSION CHURCH, and PASTOR RACHEL BARRETT, | ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the court on plaintiff's motion for attorneys' fees (DE # 14). Defendants have failed to respond in the time allotted. In this posture, the issues raised are ripe for adjudication. For the reasons that follow, plaintiff's motion is granted.

Defendants removed this matter from state court on November 22, 2010. Shortly thereafter, plaintiff moved to remand the matter to state court. Plaintiff sought expedited briefing on its motion, and the court allowed that request. After defendants failed to respond within the time allotted, the court granted plaintiff's motion to remand by order entered December 17, 2010.

For the reasons more particularly given in the remand order, the court found that defendants had no objectively reasonable basis for removing this matter to federal court. Where there is no objectively reasonable basis for removal, the court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); see Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Alternatively, the court noted that it would have

awarded attorneys' fees even if defendants had an objectively reasonable basis for removal because the notice of removal was filed to impermissibly frustrate the enforcement of the state court's judgment.

When awarding attorneys' fees under § 1447(c), the court must determine a lodestar amount by multiplying a reasonable hourly rate by the hours reasonably expended. See Grisson v. The Mills Corp., 549 F.3d 313, 320-21 (4th Cir. 2008). In making this determination, the court applies a twelve factor test as to the reasonableness of such fees. Id. (citing Barber v. Kimbrell's Inc., 577 F.2d 216, 226 (4th Cir. 1978)). These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Id. at 321 (quoting Spell v. McDaniel, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987)). After calculating the lodestar amount, the court subtracts fees for hours spent on unsuccessful claims. Id. (citing Johnson v. City of Aiken, 278 F.3d 333, 337 (4th Cir. 2002)). Finally, the court awards a percentage of the remaining lodestar amount based on the degree of success enjoyed by the party seeking the award. Id.

Plaintiff's counsel has submitted a detailed affidavit regarding the fees incurred by plaintiff due to the unjustified removal of this action. Based on this affidavit, plaintiff seeks a fee award of $7,899.00, plus costs in the amount of $165.00 incurred in obtaining a writ to once more enforce the state court's judgment. The requested fee award is premised on 1.4 hours of work by a second-year

2

associate billing at $205.00 per hour, 21.2 hours by a fourth-year associate billing at $225.00 per hour, and 9.8 hours by a partner billing at $290.00 per hour. The requested award also includes hours attributable to the instant motion for attorneys' fees. Cf. Hymes v. Harnett Cnty. Bd. of Educ., 664 F.2d 410, 413-14 (4th Cir. 1981) (holding that an award under 42 U.S.C. § 1988 should include "time spent to defend the entitlement and to argue the amount" of attorneys' fee).

Based on a careful consideration of the Barber factors which are applicable, the court finds the requested fee award to be reasonable. Although the arguments in favor of remand were straightforward, the procedural posture of the case was somewhat unique. Therefore, the 32.4 hours spent by plaintiff's counsel, and the proportion of time spent by associates and shareholders, were appropriate in light of the novelty and difficulty of the questions raised. The court also notes that plaintiff's counsel faced time limitations that were somewhat unique in this case, where the pendency of this court improperly deprived plaintiff of the ability to have a state court judgment timely executed.

The specific rates charged by plaintiff's counsel are more difficult to justify on the showing here. Because determination of the hourly rate is generally "the critical inquiry" in determining a reasonable fee, the Fourth Circuit requires the fee applicant to provide "satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990). Of course, the actual hourly rate charged by counsel is evidence of the prevailing market rate. See Depaoli v. Vacation Sales Assocs., LLC, 489 F.3d 615, 622 (4th Cir. 2007). But plaintiff may not carry its burden of establishing this rate by relying only on the affidavits of its own counsel. See Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 246 (4th Cir. 2009).

3

Although plaintiff has provided only the affidavit of plaintiff's counsel in arguing for a reasonable hourly rate, the court's own experience indicates that the rates charged by counsel are in line with those generally charged in this district. See, e.g., Christian v. Vought Aircraft Indus., Inc., 2010 WL 5477235, at *5 (E.D.N.C. Dec. 29, 2010) (finding that "an hourly fee of $300.00 for a shareholder or partner" and "$225.00 for an experienced associate" were appropriate in this district); Rivers v. Ledford, 666 F. Supp. 2d 603, 609 (E.D.N.C. 2009) (finding "the appropriate fee for an experienced attorney . . . to be $300 per hour"). Moreover, the court is satisfied that the rate claimed by plaintiff is reasonable in light of the skill required, the customary fee for like work, and the experience of the plaintiff's counsel. Finally, defendants have offered no objection to the proposed hourly fees presented by plaintiff.

For the foregoing reasons, plaintiff is awarded attorneys' fees in the amount of $7,899.00 and costs in the amount of $165.00. Moreover, the court holds that because it was defendant Rachel Barrett ("Barrett"), purporting to act also on behalf of defendant Center of Love Mission Church, who improperly removed this action to federal court, she is solely liable for these amounts. As such, pursuant to 28 U.S.C. § 1447(c), Barrett is ordered to pay plaintiff the sum of $8,064.00.

SO ORDERED, this the 14th day of February, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

4

Case 5:10-cv-00524-FL Document 16 Filed 02/14/11 Page 4 of 4